UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
SEAN BARNHILL,

                    Petitioner,

                                                    **MEMORANDUM & ORDER**

          -against-
                                                      16 CV 3085 (RJD)

SUPERINTENDENT,

                    Respondent.
-----------------------------------------------------x
DEARIE, District Judge.

        Before the Court is petitioner Sean Barnhill's application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  He claims that his plea of guilty to first-degree manslaughter

charges brought by a Superior Court Information rather than indictment "was unlawfully induced

and not made voluntarily" because "the lower court provided no oral explanation of the grand-

jury rights [he] was waiving by agreeing to proceed" under the information.  ECF No. 4 (Am.

Pet.) at 4.

        For the reasons set forth below, the application is denied and the petition dismissed.


                        **FACTUAL BACKGROUND**

        A fatal shooting occurred outside a Queens housing complex on March 2, 2012, shortly

after midnight.  The crime was monitored in real time and captured on New York City Police

Department closed-circuit video surveillance.  ECF No. 8 (state's appellate brief) at p. 24.[1]

According to the State, the video shows the victim running from petitioner and another

_____

[1] The footage is not part of the record but petitioner does not dispute the State's account.

individual and collapsing on the ground, where petitioner appears to shoot him a second time. Police apprehended petitioner seconds later.

Petitioner was initially charged by complaint dated March 2, 2012 with second-degree murder, N.Y.P.L. § 125.25(1), a class A-1 felony, and four counts of criminal possession of a weapon in the second degree, N.Y.P.L. § 265.03(1)(b), a class C felony. Petitioner was 19 at the time and told police, inter alia, that he fired his weapon because he believed the victim was reaching for something and he was scared. ECF No. 8 (Petitioner's Appellate Brief) at pp. 4-5. In a subsequent complaint and Superior Court Information (SCI) 508/13, the state dropped the weapons charged and reduced the murder charge to first-degree manslaughter, N.Y.P.L. § 125.20(1), a class B felony.

Accompanied by counsel, petitioner entered a plea of guilty to the manslaughter charge in S.C.I. 508/13 in Supreme Court, Queens County, on February 19, 2013. The colloquy included, in relevant part, the following:

|  |  |
|---|---|
| Court: | Alright. Sean Barnhill, I have before me two Superior Court Informations, 508 and 510 and also waiver of right to appeal concerning these two cases.[2] Do you want to confer? |
| Defense Counsel: | I am just showing him copies of the Superior Court Information. |
| Court: | I have copies here to[o], the copies that you signed and also waiver of right to appeal concerning these two cases. Did you sign all these documents here before me in open Court with your lawyer by your side? |
| Petitioner: | Yes. |

---

[2] The language used by the court to reference the relevant documents is discussed infra at p.4.

2

| | |
|---|---|
| Court: | Did your lawyer who is still standing by your side discuss these documents with you, you understood what you were signing and what rights you are giving up by signing these documents? |
| Petitioner: | Yes. |
| Court: | Did you sign voluntarily because you wanted to? |
| Petitioner: | Yes. |
| Court: | Did anybody threaten[ ] you or coerce you or offer you money to get you to sign? |
| Petitioner: | No. |
| Court: | I find the waivers and consents were knowingly and voluntarily executed by [petitioner] |

ECF No. 8-1 (Transcript of Plea) at pp. 3-4.

Petitioner, through counsel, then waived further reading of the charges.  Id. at 4.

Responding to questions from the court, petitioner stated that he was pleading guilty of his own

free will and that he discussed pleading guilty with his attorney.  Id.  The court then explained

that, by pleading guilty, petitioner was giving up his right to trial, the presumption of innocence,

the right to confront and cross-examine witnesses, the right to call witnesses on his own behalf,

and the right to remain silent, and petitioner stated that he understood.  Id. at 4-5.  Petitioner then

admitted that he was guilty of manslaughter in the first degree, answering in the affirmative

when the court asked whether, acting in concert with another and with the intent to cause serious

physical injury, he caused the death of Darryl Adams on March 2, 2012.  The court accepted the

plea and confirmed that petitioner's "promised sentence" would be 25 years in prison plus five

years' post-release supervision.  Id. at 6.  At sentencing on March 19, 2013, the court sentenced

petitioner, as promised, to 25 years plus 5 years' supervised release.

Several features of the court's reference to "informations" in the plural at the plea proceeding are addressed in the parties' state appellate briefs and offer clarity here. First, two distinct S.C.I.s were before the court; when entering the plea that is the basis of the conviction he challenges here, petitioner also pled guilty to assault in the second degree, arising out of a separate incident unrelated to the claim in this petition, under a separate S.C.I., number 510/13.

Second, as addressed at both the plea and sentencing proceedings, petitioner's two pleas were part of a negotiated global disposition resolving five other open matters in Queens County, including several pending felony cases that were either to be dismissed as covered under the current plea or involved pleas with concurrent terms of incarceration. ECF No. 8-1 at 6-8 (plea) and 12-14 (sentencing).

Third, the state explains that "while the court … referred to the documents that [petitioner] signed as 'two Superior Court Informations,' it is fair to infer that the court was referring to the Superior Court Waiver forms attached to the Superior Court Informations" because "[t]he Superior Court Waiver was the only form in the S.C.I. paperwork that required [petitioner's] signature." ECF No. 8 (State App. Br.) at 21 n.4. Further, according to the state's appellate brief, "examination of the Superior Court Waiver and the text of S.C.I. 508/13 demonstrates that they advise [petitioner] that he had the right to be prosecuted by grand jury indictment, that he was waiving that right and consenting to be prosecuted by Superior Court information, and that the Superior Court Information will have the same effect as an indictment filed by the grand jury." ECF 8 (State Appellate Brief) at 40. See generally N.Y. Const., art. I, § 6 (authorizing waiver of indictment by grand jury); N.Y.C.P.L. § 195.10 (providing that a defendant may waive grand jury indictment and consent to be prosecuted by superior court information).

4

Respondent did not furnish this Court with a copy of the Superior Court Waiver that it says petitioner signed.  It is clear, however, from the narrowness of petitioner's claim on appeal and here that he does not dispute the contents of the document or the fact that he signed it.  As noted, he claims that his plea is invalid because "the lower court provided no oral explanation of the grand-jury rights [he] was waiving by agreeing to proceed under a Superior Court Information."  Am. Pet. at 4.   The same claim was the only claim he raised on direct appeal.  See ECF No. 8 (petitioner's appellate brief) at 7 (sole point heading claims that plea invalid "[b]ecause the court provided no oral explanation of the grand-jury related rights [petitioner] was waiving").

The Appellate Division rejected this claim and affirmed petitioner's conviction.  People v. Barnhill, 130 A.D.3d 839 (2d Dep't 2015), lv. app. denied, 27 N.Y.3d 991 (2016).  The Appellate division held, first, that petitioner's challenge to the validity of his waiver of indictment was not forfeited by his plea of guilty or waiver of right to appeal; second, that the claim did not require preservation; and third, that "his waiver of indictment was valid."  Id. at 839 (citing, inter alia, N.Y. Const., art. I, § 6 and N.Y.C.P.L. §§ 195.10, 195.20).

## DISCUSSION

When the Appellate Division has denied a petitioner's claim on the merits, the sole question before this Court, ordinarily, is whether that decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1), as amended by the Antiterrorism and Death Penalty Act of 1996 ("AEDPA").  For purposes of habeas review, "clearly established Federal law" refers to holdings of the United States Supreme Court, and not an appellate court's

5

interpretation or extension of such holding.  See Carey v. Musladin, 549 U.S. 70, 74 (2006)

("[C]learly established Federal law ... refers to the holdings, as opposed to the dicta, of [the

Supreme] Court's decisions as of the time of the relevant state-court decision." (emphasis added)

(quotation marks omitted)).  See also Rodriguez v. Miller, 537 F.3d 102, 109 (2d Cir. 2008)

("[I]n the past we (and other courts) occasionally have relied on our own precedents to interpret

and flesh out Supreme Court decisions to decide variegated petitions as they come before us. It

would appear that we can no longer do this."), cert. denied, 552 U.S. 1262 (2008).

The "contrary to or unreasonable application" standard codified by AEDPA "means that

a state court's ruling must be so lacking in justification that there was an error well understood

and comprehended in existing law beyond any possibility for fairminded disagreement."  Shoop

v. Hill, 139 S. Ct. 504, 506 (2019) (internal quotations and citations omitted).  See also Virginia

v. Le Blanc, 137 S. Ct. 1726, 1728 (2017) ("In order for a state court's decision to be an

unreasonable application of this Court's case law, the ruling must be objectively unreasonable,

not merely wrong; even clear error will not suffice") (internal quotations and citations omitted);

Orlando v. Nassau Cty. Dist. Attorney's Office, 915 F.3d 113, 121 (2d Cir. 2019) ("unreasonable

application" standard of § 2254(d)(1) is a "bar [that] is not reached where fairminded jurists

could disagree on the correctness of the state court's decision") (internal quotation and citation

omitted), cert. denied, 140 S. Ct. 2792 (2020).

Here, however, the Appellate Division could not have misapplied the holding of a

Supreme Court decision when rejecting petitioner's claim because that claim does not implicate

the federal Constitution or federal law.  See Branzburg v. Hayes, 408 U.S. 665, 688 n. 25

("indictment by grand jury is not part of the due process of law guaranteed to state criminal

defendants by the Fourteenth Amendment," citing Hurtado v. California, 110 U.S. 516 (1884));

6

Peters v. Kiff, 407 U.S. 493, 496 (1972) ("[T]he Fifth Amendment right to a grand jury does not

apply in a state prosecution."); LanFranco v. Murray, 313 F.3d 112, 118 (2d Cir. 2002)

(reversing grant of habeas relief, holding that "the district court erred in applying the Fifth

Amendment's right to a grand jury indictment in this case because this provision of the Bill of

Rights has not been incorporated against the states through the Fourteenth Amendment")

(citations omitted); People v. Iannone, 45 N.Y.2d 589, 593 n. 3, (1978) ("The right to indictment

by a Grand Jury in New York is dependent solely upon [the] State Constitution, since the Grand

Jury provision contained in the Fifth Amendment to the Federal Constitution is not applicable to

the States").

        Accordingly, petitioner's claim that his plea is invalid because the court did not orally

explain his waiver of indictment is not cognizable here.  See, e.g., Curry v. Griffin, 2012 WL

1379674, at *5 (E.D.N.Y. Apr. 20, 2012) (habeas petitioner's claim that "waiver of indictment

was invalid" is "not cognizable on federal habeas review"); Bennefield v. Kirkpatrick, 2008 WL

623209, at *2 (W.D.N.Y. Mar. 4, 2008) ("Courts in this circuit consistently have recognized that

a defendant's right to a grand jury is a matter of New York state law") (collecting cases).  See

generally Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal

habeas court to reexamine state-court determinations on state-law questions.  In conducting

habeas review, a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

("federal habeas corpus relief does not lie for errors of state law");  Garner v. Lee, 908 F.3d 845,

860 (2d Cir. 2018) ("28 U.S.C. § 2254 allows a court to entertain a habeas petition 'only on the

ground that [an individual] is in custody in violation of the Constitution or laws or treaties of the

United States'") (quoting, 28 U.S.C. § 2254(a)).

In any event, nothing in the record or New York jurisprudence suggests that the Appellate Division misapplied New York law when concluding that petitioner's "waiver of indictment was valid."  Barnhill, 130 A.D.3d at 839.  Article 195 of the New York's Criminal Procedure Law, which authorizes waiver of indictment, requires, in relevant part, that such waiver be "evidenced by a written instrument," that such instrument include a statement that the defendant is aware of "his right to be prosecuted by indictment filed by grand jury," and a statement that he "waives such right and consents to be prosecuted by superior court information to be filed by the district attorney."  C.P.L. § 195.20. The statute specifies that the "written waiver shall be signed by the defendant in open court in the presence of his attorney."  Id.  The statute further provides that "[t]he court shall determine whether the waiver of indictment complies with" the written instrument requirements and "[i]f satisfied that the waiver complies with such provisions, the court shall approve the waiver and execute a written order to that effect."  C.P.L. § 195.30.

As noted, petitioner does not dispute that the waiver of indictment was included in the documents he signed in open court.  He nevertheless insists that that waiver—and therefore his plea—was not valid without an oral explanation from the court of the grand-jury right being waived.  But the New York statute includes no such requirement, and no New York decision of which this Court is aware requires an oral colloquy between a defendant and the court on the subject of grand-jury rights in order to satisfy C.P.L. §195.  To the contrary, respondent's state appellate brief cites a body of New York Appellate Division decisions, including those relied on by the Appellate Division when affirming petitioner's conviction, summarily affirming indictment waivers in which the courts remark only that the waiver complied with C.P.L. Article 195.  See Barnhill, 130 A.D.3d at 839;  ECF No. 8 at 45-51.

8

In sum, for all of the foregoing reasons, petitioner's claim that his waiver of indictment was invalid fails to establish a basis for habeas relief.

Finally, to the extent petitioner seeks to advance here a slightly broader claim than he presented in state court, that broader claim would also fail as a basis for habeas relief.  As noted, the sole "supporting fact" offered in the petition is the state court's failure to provide an oral explanation of the grand jury rights petitioner was waiving, but petitioner also asserts, without additional factual support, that his plea was "unlawfully induced, or not made voluntarily with understanding of the nature of the charge and the consequences of the plea."  ECF No. 4 (Am. Pet.) at 4.

This feature of petitioner's claim is plainly unexhausted, as there is no hint of it in his appellate brief, and unexhausted claims cannot form a basis for habeas relief.  See generally 28 U.S.C.§ 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [ ] the applicant has exhausted the remedies available in the courts of the State"); Picard v. Connor, 404 U.S. 270, 275 (1971) (discussing exhaustion requirement); Daye v. Attorney Gen. of State of New York, 696 F.2d 186, 191 (2d Cir. 1982) (same).  Because petitioner cannot return to state court to seek leave a second time to seek to exhaust the claim, it is deemed exhausted but procedurally barred. See, e.g., Mitchell v. Griffin, 2019 WL 6173788, at *5 (E.D.N.Y. Nov. 20, 2019) (collecting authorities).  Petitioner's pro se papers do not even address this aspect of the coercion and involuntariness allegations or purport to show the required cause and prejudice that could in theory lift the procedural bar.  See generally Harris v. Reed, 489 U.S. 255, 262 (1989); Wainwright v. Sykes, 433 U.S. 72, 87 (1977).

In any event, were these assertions of coercion and lack of understanding even cognizable here, they would not form a basis for habeas relief because they simply have no support in the record. To the contrary, the record plainly refutes them. At the plea, petitioner stated to the court, under oath, that he signed his plea agreement voluntarily and because he wanted to, that nobody threatened him or coerced him or offered him money to get him to sign, and answered in the affirmative when the court asked whether he was pleading guilty of his own free will. He also admitted that he caused the death of Darryl Adams on March 2, 2012. Likewise, with respect to knowingness, petitioner signed the plea in open court with counsel by his side and answered in the affirmative when the court asked whether he understood what he signed. These "[solemn] declarations in open court carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977), and "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999) (citations omitted). No remark about compromised physical or mental condition, nor suggestion of hesitation on petitioner's part, nor any other potential red flag appears in the transcript of petitioner's plea and sentencing proceedings. Finally, as noted, the plea petitioner challenges here was part of a negotiated global disposition resolving five other open matters in Queens County, including several pending felony cases. ECF No. 8-1 at 6-8 (plea) and 12-14 (sentencing). Securing resolution of all his open criminal matters was a valuable benefit that further undermines petitioner's assertion that his plea was in any way unfair or coerced.

## CONCLUSION

For all the reasons discussed, the application of petitioner Sean Barnhill for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied in its entirety. Because petitioner has not

10

"made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a

certificate of appealability will not issue.

SO ORDERED.

Dated: Brooklyn, New York
       October 8, 2020


                                              ___s/_____
                                              RAYMOND J. DEARIE
                                              United States District Judge